SANBORN *v.* SANBORN

[No. 117, September Term, 1969.]

*Decided December 15, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SMITH and DIGGES, JJ.

*Ferdinand J. Mack,* with whom were *Shadoan & Mack* on the brief, for appellant.

No brief filed on behalf of appellee.

PER CURIAM.

The scenario here is Madam Butterfly in reverse. The husband while working in Japan fell in love with a Japanese woman and wrote his wife that their marriage of twenty years was finished.

The wife is now appealing from the provisions of the

decree granting her a divorce that awarded $250 a month for alimony and $100 a month for the support of each of the three children. The wife and children continue to live in the family home and she estimates the family's monthly financial needs, including $132 a month house expenses for interest, principal and taxes, and $120 a month for her psychiatric treatments, at approximately $1,130. She worked as a government secretary for the first ten years of the marriage to support the family and enable her husband to finish his education. She now makes from $300 to $500 a year as a swimming instructor. The husband's salary as an engineer is $17,250 and while he works in Hawaii, as he did at the time of the awards, he receives $18 a day seven days a week for expenses, giving him a total gross annual intake of $23,-820. Under the decree appealed from, he must pay his family approximately 28% of this amount.

As Judge Smith for the Court pointed out in *Schuman v. Schuman*, 252 Md. 13, 15-16:

> "It is an unfortunate fact of life that two people cannot live apart as inexpensively as they can live together. The innocent wife is entitled to alimony. The husband is entitled to live also. It is also true that parties estimating their expenses for the purpose of determining what is proper alimony do not always proceed with the same precision with which an accountant would compute a profit and loss statement."

Nevertheless, taking into account the relevant factors —the husband's estate and earning capacity, the station in life of the couple, their physical condition and ability to work, the length of time they lived together and the circumstances that led to the divorce and the fault that destroyed the home—*Newmeyer v. Newmeyer*, 216 Md. 431, 434; *Gebhard v. Gebhard*, 253 Md. 125, 131 — we would incline to the view that the awards were on the low side had we to make a determination. However, we were told at the argument that the husband has peti-

tioned for a reduction of the amount he must pay, based on the allegations that he now works in the United States and no longer receives a per diem allowance, and that a hearing on his petition will be held by the Circuit Court for Montgomery County on December 19 next. Under all the circumstances, we deem it appropriate to remand the case without affirmance or reversal for further consideration and action by the trial court.

> *Case remanded without affirmance or reversal for further proceedings, costs to be paid by appellee; the mandate to issue immediately.*